GILDERSLEEVE, J.
action was brought to recover certain chattels, and the appeal is from an order entered at trial term dismissing the complaint, with costs, and directing the return of certain chattels to the defendant Max Jacobs, and from the judgment entered thereon. It is alleged in the complaint that, “before and at the time of the commencement of this action, the plaintiff was, and still is, the owner, entitled to immediate possession, of the following goods and.chattels: 48 4-12 dozen Derby hats, of the value of $659.50.” It further alleges that “the defendant Max Jacobs, at various times, between the 18th day of July, 1890, and the 19th day of September, 1890, did wrongfully take the said chattels from the possession of the plaintiff.” Then follows the affirmation that on or about the 12th day of October, 1890, the chattels in question were levied upon by the defendant Daniel E- Sickles, as sheriff of the city and county of Mew York, pursuant to two certain writs of execution against the property of the defendant Max Jacobs. The answer of respondent Max Jacobs admits the levy upon the goods under execution issued against him prior to the commencement of the action, and' admits the value of the chattels alleged in the complaint. It denies plaintiff’s ownership or right of possession at the time stated in the complaint, and alleges that the goods were properly and rightfully in respondent’s possession, as he had purchased the same from plaintiff in the ordinary and regular course of business on credit. The record shows that the plaintiff testified that he voluntarily delivered the chattels in question to the said defendant Jacobs. His furth er testimony tends to show that he was induced to make the sale and delivery through certain representations as to Jacobs’ solvency and financial standing.
*480 Subdivision 3, section 1690, of the Code, provides that no action to recover a chattel can be.maintained “when it was seized.by virtue of an execution or a warrant of attachment against the. property of a person other than the plaintiff, and at the time of the seizure the plaintiff had not the right to reduce it into his possession.”
In Wise v: Grant, 140 N. Y. 593; 56 St. Rep. 496, the court of appeals said:
Where the sale and delivery of goods is procured by fraudulent representations on the part of the purchaser, the title and possession passed to him, notwithstanding the fraud, subject to the right of the vendor to rescind the contract of sale.” '
If the complaint states facts sufficient to constitute a cause of action, it is an action for wrongful taking, while the evidence clearly shows that, upon the facts disclosed, the only action maintainable is for obtaining the plaintiff’s goods by means of false and fraudulent representations. This variance is fatal to plaintiff’s complaint, and the complaint, for this reason, was properly dismissed.
The motion to amend could not be granted, for the reason that it called for an entire change of the cause of action. The motion was to change -the cause of action from one to recover a chattel to a cause of action for the conversion thereof.
The record discloses no errors. The order and judgment appealed from should be affirmed, with costs to the respondent.